LENDECKER, Respondent v. PENNINGTON COUNTY, Appellant

(17 N. W.2d 715.)

(File No. 8702. Opinion filed February 16, 1945.)

**John D. Wilson,** State's Atty., and **Chas. H. Whiting,** Deputy State's Atty., both of Rapid City, for Appellant.

**H. F. Fellows,** of Rapid City, for Respondent.

ROBERTS, J.   George Lendnecker, in his capacity as sheriff of Pennington County, filed a report with the board of county commissioners showing that he had collected as fees during the year 1942 the sum of $2,768.64 and showing the payment of $3,000 to deputies.   He presented a claim for the minimum salary provided by statute and for reimbursement of the difference between the amount paid to deputies and the total fees collected during the year.   The claim was disallowed by the board and an appeal was taken to the circuit court. Claimant obtained judgment in the circuit court and the county appeals from the judgment.

The applicable provisions of SDC 12.1010-11 read as follows: At the end of each year the sheriff shall render a full and true report to the county of all fees received by his office, the amount of salaries paid to deputies, the amount of judgments rendered against him as sheriff, the amount of different claims against him as sheriff which, after approval by the board of county commissioners, have been paid by him, also showing statement of any other liability which may be presented against him as sheriff. The board of county commissioners shall, at its first meeting thereafter, audit and pass upon such report, and correct and approve the same as to such items and in such manner as to it shall seem proper and just. * * * and in case it shall be found from the annual report, as approved by the board of county commissioners, that the sheriff's net receipts for any calendar year are less than the minimum salary herein provided the difference between such minimum and the amount of net receipts shall be paid by warrant drawn upon the general fund."

The claim in question was filed in the office of the county auditor on September 13, 1943, and on the same day was disallowed by the county board. The county contends that the claim was not filed within the time prescribed by statute and was therefore barred.

Respondent argues that the statute requiring the filing of reports by sheriffs "at the end of each year" does not fix the time thereafter within which a report must be filed; that this special statute takes precedence over general provisions of the budget law providing that all claims arising during a fiscal year must be filed with the county auditor on or before the last day of March following the close of the fiscal year; that the liability of a county for the salary of an officer is statutory; and that the limitation of time within which presentation of claims must be made against a county has not application to demands for salaries.

SDC 12.2012 provides: "All appropriations for the expenditure of public moneys contained in the annual and supplemental budgets for such fiscal year, shall cease to be in effect at the expiration of the fiscal year for which the same were made, except as provided in the succeeding section, and any unused balance appropriated shall be used and con-

sidered as revenue in making levy to cover expenditures in the next budget."

SDC 12.2013, so far as material to the present inquiry, reads as follows: "All claims against a county for liabilities created during the fiscal year must be filed with the county auditor before the close of business on the last day of March next succeeding after the close of the fiscal year and paid out of the budget appropriation for such fiscal year. Warrants issued for claims allowed against budget appropriations for the previous fiscal year which have been filed before such date, shall be paid out of the fund on which drawn on presentation to the treasurer of the county * * *. All incomcompleted contracts which have been entered into shall be carried forward into the next fiscal year and shall be paid out of the fund provided for them in the budget of the year in which the contracts were executed, and the funds pledged for their completion shall not lapse by virtue of said contracts, being carried forward into another fiscal year."

■ These provisions are a part of a comprehensive budget scheme governing the fiscal affairs of counties. The law requires the adoption of a budget upon the basis of the fiscal year ending on the 31st day of December. It contemplates that a balance between revenues and expenditures for a definite period will be effected and that the budget as finally approved constitutes an appropriation. SDC 12.20; Rowe v. Stanley County, 52 S. D. 516, 219 N. W. 122. It is a budget of all expenditures and revenues "save and except so much of such contemplated expenditures as are for the making or maintenance of special improvements." SDC 12.2002.

■ The provisions of § 12.2013, supra, are mandatory and apply to "all claims against a county." It was clearly the intention of the legislature to include within this section all claims requiring presentation to the county board. The lapse of the prescribed time bars the right to file or to recover on such a claim. Case v. Fall River County, 64 S. D. 375, 266 N. W. 728; 20 C. J. S., Counties, § 298. This statutory requirement cannot be waived by the county board or other officials of the county and we cannot substitute our judgment

for that of the legislature and create an exception to the statutory requirement.

■ ■ There is no conflict between the provisions requiring sheriffs to file reports at the end of the year and the budget law. It is true that the statute requiring the filing of a report by a sheriff does not fix the time after the end of the year within which a report must be filed, but construing the two statutes together as it is our duty to construe them and to give effect to all the provisions thereof, if possible, we must conclude that if the net receipts for a calendar year are less than the minimum salary provided by statute a claim for the difference must be filed within the time specified in the budget law.

The judgment appealed from is reversed.

All the Judges concur.